James J. Sharkey and Jessica Sharkey, on behalf of all taxpayers of Union County, Appellants, v. William Showers, L. Dice Miller, Dale B. Spangler, County Commissioners, and Board of Assessment Appeals of Union County, and Thomas Y. Lawrence, Tax Collector, and John Eaton, Chief Assessor, Appellees.

364

Argued March 4, 1975, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Charles J. McKelvey*, with him *McNerney, Page, Vanderlin & Hall*, for appellants.

*Graham C. Showalter*, for appellees.

Opinion by President Judge Bowman, April 17, 1975:

This is an appeal from an order of the Court of Common Pleas of Union County sustaining appellees' pre-

liminary objections and dismissing appellants' class action complaint in "assessment appeal" with prejudice to the class, but without prejudice to the named appellants.

The named appellants and the class they purport to represent are taxpayers of Union County, a seventh class county. In July of 1973, appellants received their 1973 occupation tax assessment and discovered that their assessment had been increased without prior notice. Such an increase without notice, appellants contend, contravenes the notice provisions contained in section 701 of The Fourth to Eighth Class County Assessment Law, Act of May 21, 1943, P. L. 571, *as amended*, 72 P. S. §5453.701 (Supp. 1974-1975) (Assessment Law).

After receiving his 1973 assessment, appellant, Sharkey, on August 3, 1973, sent a notice to the Union County Assessor informing the Assessor that he wished to appeal the recent occupational assessment made against him. Following a hearing, the Board of Assessment Appeals denied his appeal on August 21, 1973. Thereafter, Sharkey appealed the Board's decision to the Court of Common Pleas of Union County and incident to that appeal, added his wife and all other taxpayers of Union County as party "plaintiffs," thereby attempting to transform his appeal into an original jurisdiction class action suit.

Preliminary objections were filed to appellants' complaint by appellees in the form of a motion to strike the class action, which objections were sustained resulting in the appeal to this Court.

Section 701 of the Assessment Law, 72 P. S. §5453.701 provides in summary that the Board, upon receipt of the assessment role, shall review said role by August 15. Within five days after the examination the Board must notify all taxpayers of any change in their assessments. The taxpayer must, if he wishes to contest his assessment, file a notice of intention to appeal such assessment with the Board by September 1. Thereafter, the

Board shall hear the appeal and render a decision which is appealable to the Court of Common Pleas.

Without reaching the merits of the instant appeal, we would agree with the lower court that it appears the Board has failed to provide notice, as required by section 701 of the Assessment Law of the increased assessments, and also failed to review and examine said assessments in conformity with its statutory duty as regards the time within which it must complete such an examination. Sharkey, therefore, as regards his assessment, had a statutory right of appeal to the Board, and being aggrieved by its action, to the lower court. To the extent that his complaint may be considered as an appeal from the Board's adverse decision, the lower court should proceed to hear that appeal on the merits. Construing Sharkey's complaint as an appeal from the action of the Board is consistent with the only logical reason we can find for the lower court's order dismissing Sharkey's complaint as to himself and his wife *without prejudice,* but with prejudice as to the asserted class action.

As to appellants' attempt to assert a class action incident to an appeal, the lower court's dismissal of said action is affirmed. Neither our Rules of Civil Procedure nor the statute in question recognize a right to combine an appeal from an administrative action with an original cause of action. Furthermore, an original cause of action by an individual or in the form of a class action does not lie when the complainant or the members of the class on behalf of whom the action is brought have failed to exhaust their administrative remedies.

Accordingly, the order of the lower court is affirmed to the extent that it dismisses the class action, including the claim of Jessica Sharkey. The lower court's order dismissing the claim of James J. Sharkey without prejudice is reversed and the case is remanded for consideration of his claim as an appeal from the action of the Board of Assessment Appeals.